# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-898V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THEODORE A. BRYAN,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**UNPUBLISHED**

Special Master Katherine E. Oler

Filed: June 3, 2021

Interim Attorneys' Fees and Costs

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner
*Camille Collett*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

       On September 23, 2014, Theodore Bryan ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program") alleging Petitioner suffered from mental and physical injuries, resulting in permanent disability from adverse effects of the seasonal influenza ("flu") vaccine he received on October 10, 2011.  Pet. at 1, ECF No. 1.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On October 9, 2020, I issued a ruling finding that Petitioner had preponderantly established that the flu vaccine he received on October 10, 2011 caused him to develop Chronic Fatigue Syndrome (CFS). ECF No. 132.

On August 27, 2020, Petitioner filed an application for interim attorneys' fees and costs, totaling $127,407.43 Fees App. at 11, ECF No. 117. On September 9, 2020, Respondent filed a response stating it is within my discretion to award interim attorneys' fees and costs. Fees Resp., ECF No. 130.  Respondent "defers to [me] to determine whether or not petitioner here has met the legal standard for interim fees and costs award." *Id.* at 2. On October 12, 2020, Petitioner filed a supplement to his Motion for Interim Attorneys' Fees and Costs, requesting fees for Dr. Steinman's expert report, a total of $8,650.00. Mot. to Supp., ECF No. 134. Thus, the total of Petitioner's request is $136,057.43.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$135,922.68** in interim attorneys' fees and costs.

## I.      Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013).  Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed.

Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

Since the petition for compensation was successful, Petitioner is entitled to reasonable attorneys' fees and costs. *See* § 15(e)(1). Reasonable attorneys' fees and costs in Vaccine Act cases are determined using the lodestar approach, which begins with an assessment of a reasonable hourly rate multiplied by a reasonable number of hours expended in the case. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008.)

The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. Sec'y of Health & Hum. Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

Petitioner "bears the burden of establishing the hours expended" and the reasonableness of the requested fee award. *Wasson,* 24 Cl. Ct. at 484. Notwithstanding respondent's failure to raise any specific objections to petitioner's fee application, "the Special Master . . . [is] not limited to endorsing or rejecting respondent's critique." *Duncan v. Sec'y of Health & Hum. Servs.*, No. 99-455V, 2008 WL 4743493 (2008). Furthermore, "the Special Master [has] no additional obligation to warn petitioners that [she] might go beyond the particularized list of respondent's challenges." *Id*.

## II.   Discussion

### A.  Undue Financial Hardship

Counsel for Petitioner has worked on this case for nearly seven years; further Petitioner has participated in an entitlement hearing and supplied expert reports from Drs. Marcel Kinsbourne, Susan Levine, and Charles Lapp. *See* Exs. 34, 36, 52. Mr. Gage has expended more than $35,000.00 on the expert reports and other various out-of-pocket costs. *See* Fees App. Tab A. Petitioner has not provided any specific reasoning why he should be granted an interim award, however, I find it reasonable to award interim fees and costs at this juncture to avoid any undue financial hardship.

### B.  Attorneys' Fees

Petitioner requests a total of $90,824.64 in attorneys' fees. *See* Fees App. Tab A.

1.  <u>Reasonable Hourly Rate</u>

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner's counsel, Mr. Gage requests to be compensated at an hourly rate of $299.64 for work performed in 2014; $300.00 for work performed in 2015; $311.00 for work performed in 2016; $318.00 for work performed in 2017; $326.00 for work performed in 2018; $338.00 for work performed in 2019; and $350.00 for work performed in 2020. *See generally* Fees App. Tab D. Ms. Kristen Blume requests to be compensated an hourly rate of $251.00 for work performed in 2018 and $338.00 for work performed in 2019, and Mr. James Mitchell requests to be compensated at an hourly rate of $251.00 for work performed in 2015. *See* Fees App. Tab E and F. Mr. Gage also requests a paralegal hourly rate of $112.00 for work performed in 2014, and $120.00 for 2015-2020. These rates are consistent with the Fee Schedule and with what Mr. Gage, Ms. Blume, Mr. Mitchell, and Mr. Gage's paralegals has been awarded in the past. *See, e.g.*, *Pember v. Sec'y of Health & Hum. Servs.*, No. 15-1005V, 2018 WL 3989514 (Fed. Cl. Spec. Mstr. Jun. 28, 2018); *Demitor v. Sec'y of Health & Hum. Servs.*, No. 17-564V, 2020 WL 1027955 (Fed. Cl. Spec. Mstr. Feb. 7, 2020); *Briggs v. Sec'y of Health & Hum. Servs.*, No. 15-737V, 2020 WL 6144626 (Fed. Cl. Spec. Mstr. Sept. 28, 2020); *Greene v. Sec'y of Health & Hum. Servs.*, No. 11-631V, 2021 WL 690134 (Fed. Cl. Spec. Mstr. Jan. 7, 2021). I find the requested rates to be reasonable and that no adjustment is warranted.

2.  <u>Hours Reasonably Expended</u>

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation."

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

*Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel has provided a breakdown of hours billed and costs incurred. Fees App. at 41-78. I find the hours to be reasonable, thus I grant them in full.

Total attorneys' fees to be awarded: **$90,824.64**.

## C. Reasonable Costs

Petitioner requests a total of $45,232.79[4] in costs.

### 1. Petitioner's Expert Costs

Petitioner requests costs for the work performed by Drs. Marcel Kinsbourne, Charles Lapp, Susan Levine, and Regina Smith.

#### a. Dr. Marcel Kinsbourne

Petitioner requests a rate of $500.00 per hour for 20.3 hours of work performed for a total of $10,150.00. Dr. Kinsbourne graduated from Oxford University Medical School and has extensive clinical experience and academic expertise. *See generally* Ex. 32. Dr. Kinsbourne has been awarded a rate of $500/hour by other special masters in the Program. *See, e.g., Martin v. Sec'y of Health & Hum. Servs.*, No. 17-1741V, 2020 WL 5034355 (Fed. Cl. Spec. Mstr. Jul. 17, 2020) (granting all of Dr. Kinsbourne's requested fees); *Dimasi v. Sec'y of Health & Hum. Servs.*, No. 15-1455V, 2020 WL 4581287 (Fed. Cl. Spec. Mstr. Jul. 13, 2020) (granting all of Dr. Kinsbourne's requested fees); *Aagotnes v. Sec'y of Health & Hum. Servs.*, No. 18-631V, 2021 WL 815916 (Fed. Cl. Spec. Mstr. Jan. 14, 2021). I find that $500.00 per hour, as has consistently been awarded to Dr. Kinsbourne is an appropriate hourly rate.

Dr. Kinsbourne requests compensation for 20.3 hours of work performed, which was well documented and reasonable. I grant those hours in full.

---

[4] This includes the original amount of $36,582.79 and Dr. Marcel Kinsbourne's expert fees totaling $8,650.00, as his retainer was included in the original request. *See* Fees App. at 4; Fees App. Supp. at 3.

Total costs for Dr. Kinsbourne: $10,150.00.

b. Dr. Charles Lapp

Petitioner requests a rate of $400.00 per hour for approximately 42.91 hours of work performed by Dr. Lapp for a total of $19,324.08. Fees App. at 102. Dr. Lapp has practiced in internal medicine and pediatrics. Ex. 53 at 1. Dr. Lapp has also researched chronic fatigue syndrome for many years and is considered an expert in the field, giving talks worldwide on the disease. *See id.* Dr. Lapp is also the director of the Hunter-Hopkins Center, which specializes in treatment of CFS. *See id.* Although this is Dr. Lapp's first case in the Vaccine Program, I believe Dr. Lapp's extensive knowledge and familiarity with CFS was helpful in my resolution of the case. Thus, I find $400.00 per hour to be an appropriate rate for Dr. Lapp.

Dr. Lapp spent 24.91 hours preparing for the hearing and 9 hours for each day[5] of the two-day hearing. This seems reasonable, thus I grant Dr. Lapp's requested hours in full.

Dr. Lapp requests an additional $1,800.00 for time spent traveling to the hearing. This was a term in Dr. Lapp's "Statement of Professional Services". Fees App. at 102. Dr. Lapp charges "$3,600/day for out-of-office services, plus travel, lodging, and meals", which was noted as "Travel time @ ½ rate" for $1,800.00. Because this expense is the equivalent of one half of Dr. Lapp's hourly rate, I will grant it.

Dr. Lapp requests $357.08 for other expenses related to his travel for the two-day entitlement hearing, including meals and a rental car. Documentation for these expenses were provided and will be compensated in full.

Total costs for Dr. Lapp: $19,324.08.

c. Dr. Susan Levine

Petitioner requests a rate of $400.00 per hour for 15 hours of work performed, for a total of $6,000.00, as well as $50.00 in photocopying and $25.00 in mailing charges. Fees App. at 112-13. Dr. Levine is board certified in Internal Medicine and Infectious Diseases. Ex. 37 at 1. Dr. Levine has also testified in a number of cases in the Vaccine Program and is not a new expert. *See, e.g.*, *Jane Doe/52 v. Sec'y of Health & Hum. Servs.*, 2009 WL 5206199 (Fed. Cl. Spec. Mstr. Dec. 15, 2009); *McCabe v. Sec'y of Health & Hum. Servs.*, No. 13-570V, 2018 WL 3029175 (Fed. Cl. Spec. Mstr. May 17, 2018); *Como v. Sec'y of Health & Hum. Servs.*, No. 18-99V, 2020 WL 4219695 (Fed. Cl. Spec. Mstr. Jun. 30, 2020); *E.S. v. Sec'y of Health & Hum. Servs.*, No. 17-480V, 2020 WL 9076620 (Fed. Cl. Spec. Mstr. Nov. 13, 2020). I find that $6,075.00 is a reasonable amount to pay Dr. Levine for the work she performed and the expenses she incurred.

---

[5] Dr. Lapp requests a total of $17,167.00 for services provided. This includes the documented 1495 minutes, or approximately 24.916 hours, preparing for the hearing, or a total of $9,967.00 (this total is reflected on Dr. Lapp's "Statement of Professional Services"). Fees App. at 102. The remaining balance of $7,200.00, divided by Dr. Lapp's requested hourly rate of $400.00, totals 18 hours, which I assume is Dr. Lapp's time spent appearing and testifying during the two-day entitlement hearing.

Total costs for Dr. Levine: $6,075.00.

      d.  Dr. Regina Smith

Petitioner requests $2,000.00 for Dr. Smith's testimony during the two-day entitlement hearing. Fees App. at 81, 110. It is unclear what Dr. Smith's requested hourly rate is but this charge is not unreasonable. Additionally, Dr. Smith has provided two letters that have been useful in my decision-making process. *See* Exs. 11 and 28. Therefore, I will grant this request in full.

Total costs for Dr. Smith: $2,000.00.

     2.  <u>Miscellaneous Costs</u>

Petitioner requests costs for copies, medical records, travel expenses, mailing fees, the hearing transcript, and PACER expenses, which total $7,683.71.

Petitioner provided documentation for all costs, with the exception of $134.75 for medical records from Intermountain Healthcare. *See* Fees App. at 81. It is unclear to me what exhibit this is, thus I will defer this cost for a final fees application, where Petitioner can identify this exhibit.

Total miscellaneous costs to be awarded: $7,548.96.

## III.   Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$135,922.68**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and his attorney, Richard Gage.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.